■ In the Matter of CHARLES EDGAR, Petitioner, v JAMES E. DOWLING, as Superintendent of Highways of the Town of Smithtown, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination, dated October 21, 1983, which, after a hearing, found petitioner guilty of charges of misconduct and insubordination, and dismissed him from employment with the highway Department of the Town of Smithtown.

Determination confirmed and proceeding dismissed on the merits, without costs or disbursements.

In an earlier decision on this matter *(Matter of Edgar v Dowling,* 96 AD2d 510), this court annulled a determination of the respondent which found the petitioner guilty of the same charges under review at bar. The basis for our decision was that the respondent Dowling, who had instituted and investigated the charges and testified at the hearing, should have disqualified himself from acting with respect thereto. Accordingly, we remitted the matter for a full review of the evidence and recommendation, and a reconsideration of the punishment, "by a duly qualified individual, not heretofore involved in these proceedings or in the charges against petitioner" *(Matter of Edgar v Dowling, supra,* at p 511).

We find no merit to petitioner's contention that the individual chosen to redetermine the charges against him upon remittitur was not "duly qualified" within the meaning of our decision because he was not formally appointed a deputy town superintendent of highways (Town Law § 32 [2]).

The upholding of the charges against petitioner is supported

by substantial evidence upon the record as a whole. While the penalty of dismissal was harsh, it was not so disproportionate to the offenses as to shock one's sense of fairness *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222). Mollen, P. J., Thompson, Brown and Lawrence, JJ., concur.